[No. 9509.   Department Two.   May 25, 1911.]

## J. H. Scott *et al.*, *Appellants*, v. Olympia Oyster Company, *Respondent.*[1]

Fish—Oyster Beds—Deeds—Reversion — Conveyance by State. Where, under Rem. & Bal. Code, §§ 6806, 6807, state oyster lands are deeded for the purposes of oyster culture, with reversion to the state in case the lands are not used for that purpose, the state reserving the right to re-purchase on paying for improvements, the state cannot convey the fee and reversion to a third person.

Fish—Oyster Beds—Ejectment — Title of Plaintiff — Fraud. One who fraudulently obtained the fee to state oyster lands by false representations that they were not oyster lands, knowing that a conditional fee had been granted for the purposes of oyster culture, cannot maintain ejectment against parties in possession under the oyster land deed.

Appeal from a judgment of the superior court for Mason county, Sheeks, J., entered October 7, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of ejectment.   Affirmed.

*J. W. Robinson* and *McCafferty, Robinson & Godfrey*, for appellants.

*Troy & Sturdevant*, for respondent.

Crow, J.—Action by J. H. Scott and wife against Olympia Oyster Company, a corporation, to recover possession of

[1]Reported in 115 Pac. 737.

about six acres of oyster land in Mason county, to which the plaintiffs claim title. From a judgment in defendant's favor, the plaintiffs have appealed.

Appellants have excepted to findings made by the trial court, but we find no serious dispute as to any material fact. The evidence shows that one J. A. Gale, in good faith entered upon the six-acre tract as oyster land, many years prior to March 26, 1890, and continuously planted and cultivated oysters thereon until April 26, 1896, and for a long time thereafter; that he made application to the state of Washington, in due and legal form, to purchase the tract, under the provisions of chapter 25, Laws 1895, p. 39; Rem. & Bal. Code, §§ 6806-7; that, in pursuance of a contract of sale issued to him on April 22, 1896, the state afterwards, on March 28, 1899, executed and delivered to him a deed, which was recorded in Mason county on April 4, 1899, and which, in compliance with the requirements of § 2 of the act of 1895 (Id., § 6807), contained the following stipulation:

"It is expressly agreed and these presents are upon the express condition that neither said land nor any part thereof is in front of any incorporated city or town or within two miles thereof on either side, or is now used for purposes of trade or commerce, that if at any time after the execution of these presents said land or any part thereof shall cease to be used for the purpose of an artificial oyster bed it shall thereupon revert and become the property of the state of Washington, and that said land is contracted to be conveyed to the grantee only for the purpose of cultivating oysters thereon, and the state of Washington hereby reserves the right to enter upon and take possession of said tract or tracts if at any time the same is used for any other purpose than the cultivation of oysters, and the state of Washington reserves the right to enter upon and take possession of any said lands at any time when it desires, upon paying to the owner or the occupant the original purchase price of the land, together with the value of the improvements erected thereon, and the then value of the artificial oyster bed and improvements erected thereon in connection with the carrying on and propagation of oysters by artificial cultivation."

That by mesne conveyances all rights which Gale thus ·obtained were transferred to and acquired by the respondent, Olympia Oyster Company; that Gale and his successors in interest, including respondent, have continuously cultivated the tract as an oyster bed, have seeded the same, have cultivated oysters thereon, have taken oysters therefrom; and that no person has during any of said period, or at any time prior to the commencement of this action, been in possession, other than the respondent and its predecessors in interest, including Gale. The evidence further shows that on August 14, 1899, after the execution, delivery, and record of the deed to Gale from the state, above mentioned, one Fidelia A. Boyd applied to the state to purchase tide lands in front of, adjacent to, and abutting upon certain uplands described in her application, which included lot 4, section 22, township 19, north, range 3, west, Willamette Meridian; that in support of such application, she filed therewith an affidavit in which she deposed as follows:

"This application is made *with full knowledge of the character of the land applied for and of the title of the state thereto,* and I hereby waive and relinquish all my right to and claim upon the state for the return of the purchase price of said land in case said land or any part thereof should be found not to be tide land. In support of the above application, I do solemnly swear that I, Fidelia A. Boyd, am a citizen of the United States; that the tide land herein applied for is not situated in front of or within two miles of the corporate limits of any incorporated city or town, or in front of any lands reserved by the United States for military or lighthouse purposes; *that there are no natural or artificial oyster beds on the land herein described, nor is the same in any state oyster bed reserve; that said land is not suitable for the cultivation of oysters,* and that said tide land is located below the line of ordinary high tide and above the line of ordinary low tide;"

that Fidelia A. Boyd assigned to appellant J. H. Scott her contract to purchase tide lands in front of lot 4; that in pursuance of such assignment, a deed was thereafter executed and

delivered to him by the state; and that the tract of tide lands. claimed to have been thereby conveyed, according to appellants' contention, includes within its boundaries the six-acre tract of oyster land here involved and now in respondent's possession.

Under the evidence it is impossible to conclude that Fidelia A. Boyd and J. H. Scott, her assignee, did not, at the time of the former's application to purchase the tide lands, and at the time of the deed to the latter, have actual notice and knowledge that respondent's assignors were in possession and exclusive control of the six-acre tract as oyster lands; that they had been cultivating the same continuously for many years; that by mesne conveyances respondent had obtained such title or right as had been conveyed to Gale by the state; and that the tract to which appellants now claim title as being included within the tide lands was in fact oyster land. The trial court found the title of respondent to be superior and prior to that of appellants; that respondent had a connected title in law and equity from the state; that it is entitled to complete possession to the exclusion of appellants; and that its right is in fee, save and except as it is subject to the right of reversion in and to the state.

Appellants, in substance, contend that, by reason of the act of 1895, *supra*, in pursuance of which respondent's rights were acquired, the state specifically refused to convey title to the respondent's predecessor, Gale, but withheld the same, granting only possession and use of the land for the cultivation of oysters, subject to the right of the state to claim a reversion and repossess itself; that as a matter of law the state had power to convey, and did thereafter convey, the fee simple title to appellant J. H. Scott by the tide land deed; that appellants thereupon succeeded to all of its rights and were thereby empowered to enforce the reversion, and demand and obtain possession. To this end they have tendered respondent the sum of $250 to reimburse it for

the land and any. improvements that may have been made thereon by it or its predecessors.

A mere statement of the facts is sufficient to sustain the judgment of the trial court. It is evident from the act of 1895 that the state thereby reserved to itself the right to retake possession of the oyster lands conveyed to Gale, under the conditions named. But no provision appears in the act which, under the most liberal construction, would authorize the state to convey such right of reversion and repossession to a third party. If, as appellants in effect contend, the land department of the state, by conveyance of the tide lands to J. H. Scott, has transferred such rights as will authorize appellants to evict respondent, secure possession, and obtain the complete fee simple title to these oyster lands, then the state has done by indirection what it could not do directly. The conveyance to appellant Scott was made in pursuance of the contract of sale issued to Fidelia A. Boyd, which was based upon an affidavit containing the untruthful and fraudulent statements above set forth. Appellants' alleged title to these oyster lands was, therefore, fraudulently obtained, and they are in no position to oust the respondent on the theory that they have the fee simple title and that it has no title. It is manifest the state never intended to convey to Scott a fee simple title to this tract of oyster lands. Respondent is rightfully in possession as successor to Gale. Although it does not hold a fee simple title, it has obtained the exclusive right of possession and user for oyster cultivation, except as against the state. The deed to Gale, executed in strict compliance with the provisions of § 2 of the act of 1895, was not executed and delivered as an idle and frivolous ceremony, nor as a void instrument. It was intended to convey, and did convey, valuable property rights, although not a fee simple title. The interest conveyed may be regarded as somewhat similar to a base or qualified fee, although we need not hold it to be such. It would be unreasonable and an injustice to conclude that, having con-

veyed this particular oyster land to Gale, the state, without exercising or attempting to exercise its right of repossession, thereafter conveyed it in fee simple to appellants as tide lands; thereby assigning to them the power to oust respondent.

The judgment is affirmed.

MORRIS, CHADWICK, and ELLIS, JJ., concur.